# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ERIC L. JOHNSON, as Receiver of NEXT-GEN, INC., et al.,**

    **Plaintiffs,**

**VS.**                           **Case No. 4:18mc05-MW/CAS**

**Real and personal property of NEXT-GEN, INC., et al., in the Northern District of Florida,**

**_____/**

## REPORT AND RECOMMENDATION

On July 26, 2018, Eric L. Johnson, as court-appointed receiver, filed a notification of an order which appointed Mr. Johnson as temporary receiver pursuant to 28 U.S.C. § 754. ECF No. 1. Although the filing fee for the case was paid, ECF No. 2, no further action took place. A clerk's docket entry in November 2018 terminated this case.

Then on March 25, 2019, a "supplemental notification" was filed indicating that a permanent injunction and monetary judgment had been entered in the underlying action. ECF No. 3. The notice stated that "[u]pon information and belief, one or more of the Receivership Entities has

property located" within the jurisdiction of his Court. *Id.* No specific relief was requested from this Court.

Thus, because no specific property was identified and no motion filed requesting relief, no action was taken on that notice. However, an Order was entered on April 1, 2019, requiring the receiver to demonstrate the necessity of continuing this litigation in light of property which is located in this District. ECF No. 4. The Order required a response to be filed by **August 2, 2019**, and advised that if a response was not filed, a recommendation will be made to dismiss this case. *Id.* As of this date, no response has been filed.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.,

556 F.3d 1232, 1240 (11th Cir. 2009). Because no effort has been made to prosecute this case in the past five months and the receiver failed to comply with a court Order, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on August 14, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**